UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERNEST E. DAVIS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:07-cv-01033-DFH-JMS |
| | ) | |
| KHEVIN WATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Dismiss**

This cause is before the court on the plaintiff's complaint and on the defendant's motion to dismiss.

The premise of the motion to dismiss is that this action was filed beyond the 2-year statute of limitations. Certain aspects of the motion to dismiss are uncontested by the defendant (for the purpose of the motion to dismiss) and are consistent with the allegations in the complaint, these being that 1) the plaintiff's claim is subject to a 2-year statute of limitations, 2) the plaintiff was arrested by the defendant on March 25, 2005, and 3) this action was filed with the clerk on August 10, 2007.

The defendant argues that the statute of limitations as to the plaintiff's claim began to run on the date following his arrest, and that he therefore had through March 26, 2007, in which to file suit. This may turn out to be the case, but it cannot be determined solely from the date of the plaintiff's arrest. The Supreme Court recently established when 42 U.S.C. § 1983 false arrest or false imprisonment claims accrue. In doing so, the Court held that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends" and that "a false imprisonment ends once the victim becomes held pursuant to [legal] process," that is, once some process is afforded the imprisoned. *Wallace v. Kato,* 127 S. Ct. 1091, 1095 (2007).

The plaintiff has not alleged when he began to be held pursuant to legal process, and the defendant has not offered that information. Accordingly, it cannot be determined on the basis of the complaint when the statute of limitations began to run or whether, in turn, this action was filed within or beyond the applicable statute of limitations. *Cf. Hollander*

*v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)("It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.")(internal citations omitted). For these reasons, therefore, the defendant's motion to dismiss is **denied.**

So ordered.

                                               _David F. Hamilton_
                                               DAVID F. HAMILTON, Judge
                                               United States District Court

Date:   11/5/2007

Distribution:

Ernest E. Davis, Jr.
#201813
Marion County Jail
40 S. Alabama 2-T
Indianapolis, IN 46204

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com