UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERNEST E. DAVIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-1033-DFH-JMS |
| | ) |
| KHEVIN WATTERSON, | ) |
| | ) |
| Defendant. | ) |

ENTRY DISCUSSING MOTION FOR SUMMARY JUDGMENT

A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting Fed. R. Civ. P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in the evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). The defendant in this civil rights action brought by Ernest E. Davis, Jr. has met his burden through his unopposed motion for summary judgment (Docket No. 31). This conclusion is based on the following facts and circumstances:

1.      On March 25, 2005, Davis was a passenger in the rear seat of a green 2000 Ford Taurus. The defendant police officer observed the green Taurus near the intersection of 10th Street and Tibbs Avenue in Indianapolis. Because of suspicious movement and position of the Taurus and the failure of the driver of the Taurus to obey a specific traffic law (using a turn signal indicator), the defendant went up to the Taurus and spoke with the occupants about narcotics activity and the traffic violation. A firearm was observed on the floor of the back seat of the Taurus. Davis was arrested for those circumstances and on an outstanding warrant for parole violation.

2.      Davis was prosecuted in Marion County. Although the trial court denied Davis' motion to suppress, that decision was reversed on appeal in *Davis v. State,* 858 N.E.2d 168 (Ind. App. 2006), and following the appellate decision the charges against Davis were dismissed.

3.      As to Davis' Fourth Amendment claim relating to the traffic stop and arrest, "[a] warrantless arrest without probable cause violates the Constitution and forms the basis for a [42 U.S.C.] section 1983 claim." *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir. 1990). Conversely, police may make warrantless arrests based on probable cause. *United States v. Watson,* 423 U.S. 411, 418 (1976). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 125 S. Ct. 588, 593 (2004) (citations omitted). A law

enforcement officer has probable cause to arrest a suspect "when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense." *Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002). The defendant's observation of the Taurus indicated that the driver of the Taurus had committed a moving violation. This violated a traffic law, which in turn justified the initial stop of the vehicle. *Whren v. United States,* 517 U.S. 806, 810 (1996) (decision to stop and detain motorists is reasonable where there is probable cause to believe that a traffic violation has occurred). The Taurus was actually parked at a Marathon station (which the defendant had been observing as part of his undercover narcotics investigation), and the "stop" of the vehicle consisted of the defendant walking up to it and engaging the driver in conversation. After the stop, the observation of Davis in such close proximity to the handgun in the Taurus and the outstanding warrant justified Davis' arrest. The defendant's observation of the traffic violation by the driver of the Taurus, together with the defendant's experience in identifying drug transactions and the suspicious activity of the Taurus and of another vehicle, constituted reasonable suspicion for the stop of the Taurus, though even if the court reached a contrary conclusion as to this point the defendant would be entitled to qualified immunity as to the Fourth Amendment claim of wrongful arrest because it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). "If the law did not put the officer on notice that his conduct

would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.*

4.  As to Davis' claim of malicious prosecution, the Seventh Circuit has noted that "malicious prosecution and false arrest are separate claims . . . ." *Washington v. Summerville,* 127 F.3d 552, 559 (7th Cir. 1997). False arrest occurs when a police officer arrests a person without probable cause. *Wallace v. Kato,* 127 S. Ct. 1091, 1095-96 (2007). Malicious prosecution occurs later, when a police officer takes the next step and files a report wrongfully indicating that probable cause exists, triggering malicious criminal prosecution. *Id.* After Davis was arrested, criminal charges were filed against him by the State of Indiana. Those charges were dismissed before trial after the denial of his motion to suppress was reversed on appeal. The Seventh Circuit has explicitly recognized that the Fourth Amendment protects against malicious prosecution, at least before arraignment. *McCullah v. Gadert,* 344 F.3d 655, 660-61 (7th Cir. 2003). The essence of such a claim is that an officer intentionally provided false or misleading information before trial that is material to a prosecutor's decision to proceed with prosecution. *Overton v. Hicks,* 2008 WL 2518229, *12 (S.D. Ind. 2008). In this case, there is no indication that the defendant *ever* falsified or withheld information to any prosecutor or court concerning his observations or the circumstances of the stop of the Taurus and Davis' arrest. By "no indication," the court means here that there is no evidentiary showing of such misconduct, and without such a showing Davis cannot survive summary judgment on this

claim. To meet his burden as non-movant relative to the defendant's motion for summary judgment, Davis must counter the affidavits and documents submitted by the defendant with materials of "evidentiary quality" (*e.g.*, depositions or affidavits) that create a genuine factual issue and identify a specific, genuine issue for trial. See *Shermer v. Illinois Dep't of Transp.,* 171 F.3d 475, 477 (7th Cir. 1999) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). However, Davis has not made or even attempted such a showing in this case. *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (on summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).[1]

    5.    Davis alleges that the defendant's actions in stopping and arresting Davis violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

    a.    The core provision of RICO, insofar as relevant here, is 18 U.S.C. § 1962(c), and provides:

---

[1] The court has treated Davis' Fourth Amendment claims as against the defendant in his individual capacity only. The defendant is correct, however, that there is likewise no official capacity claim which could survive his motion for summary judgment in this case. This is because claims against the defendant in his official capacity are "merely another way of asserting a claim against the municipality," *Gibson v. City of Chicago,* 910 F.2d 1510, 1519 n.4 (7th Cir. 1990), and "it is well established in this Circuit that a municipality's liability for a constitutional injury requires a finding that the individual officer[ ] [is] liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000). This latter condition has not been satisfied here.

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985), the Supreme Court set out the four primary elements of a § 1962(c) claim. The plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496 (footnote omitted); see also *Bressner v. Ambroziak,* 379 F.3d 478, 481-82 (7th Cir. 2004).

      b.      Additionally, 18 U.S.C. § 1964(c), provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue . . . in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Personal injuries and monetary losses flowing from those injuries have been held insufficient to support a claim under § 1964(c). *Evans v. City of Chicago,* 434 F.3d 916, 930 (7th Cir. 2006) ("personal injuries, and the pecuniary losses flowing from those injuries, are insufficient to establish standing under the civil RICO, § 1964(c)"); see also *Oscar v. Univ. Students Co-op. Ass'n,* 965 F.2d 783, 785 (9th Cir. 1992) (en banc) ("injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff" and "personal injuries are not compensable under RICO").

-6-

      c.      Any injury suffered by Davis as a result of the actions of the defendant is plainly in the nature of a personal injury, not injury in Davis' "business or property," and hence Davis does not have a viable civil RICO claim.

      d.      In addition, Davis' complaint is deficient on its face because it fails to identify the enterprise that is the source of his alleged injuries, *Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 645 (7th Cir. 1995), fails to identify both a pattern and racketeering activity, *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000), and fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

      6.      Davis also asserts claims under state law.  The general rule when all federal claims have been resolved prior to trial is to dismiss the pendent state law claims.  *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988).  However, the retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a).  The retention of such jurisdiction is appropriate in this case because the fate of those claims is clear.  *Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004); see also *Grove v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) (district court did not abuse discretion in retaining jurisdiction over supplemental state claims for reasons of judicial economy); *Sullivan v. Conway,* 157 F.3d 1092, 1095 (7th Cir. 1998) (federal-state comity not furthered by sending "doomed litigation . . . back to the state court to be dismissed there.");

*Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997) (where "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case").

Davis' claims under Indiana state law (including any claim based directly on provisions of the Indiana Constitution) are not viable because existing tort law amply protected the right associated with the Indiana Constitution and because Davis filed no notice of tort claim regarding his arrest and prosecution as described in the complaint. *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006) (holding that the Indiana Constitution does not create a private right of action for damages when an existing tort law amply protects the right guaranteed by the Indiana Constitution).

7.      Based on the foregoing, the defendant is entitled to the entry of judgment in his favor and against Davis. *Celotex Corp.,* 477 U.S. at 322-23 (explaining that when the moving party has met the standard of Rule 56, summary judgment is mandatory). The motion for summary judgment is therefore **granted,** and judgment consistent with this Entry shall now issue.

So ordered.

Date: February 20, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court

-9-

Southern District of Indiana

Copies to:

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com

Marc Pe-Caine Sultzer
OFFICE OF CORPORATION COUNSEL
msultzer@indygov.org

ERNEST E. DAVIS JR.
190394
STU B-1
Plainfield Re-entry Facility
501 West Main Street
Plainfield, IN 46168